1  DAVID F. BEACH, ESQ. (SBN 127135)
2  DAPHNE A. BELETSIS, ESQ. (SBN 142006)
   PERRY, JOHNSON, ANDERSON,
3  MILLER & MOSKOWITZ, LLP
   438 First Street, Fourth Floor
4  Santa Rosa, CA 95401
   Telephone: (707) 525-8800
5  Facsimile: (707) 545-8242

6
   Attorney for Defendant
7  COSTCO WHOLESALE CORPORATION

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10 TERESA WELTER                              ) CASE No. 3:21-cv-03889
                                              )
11            Plaintiff(s),                   ) [ORIGINALLY SONOMA COUNTY
                                              ) SUPERIOR COURT, CASE NO. SCV-
12     vs.                                    ) 268227]
                                              )
13 COSTCO WHOLESALE CORPORATION; and          ) Unlimited Civil Action
   DOES 1-10, INCLUSIVE,                      )
14                                            ) **DEFENDANT COSTCO WHOLESALE**
              Defendant(s).                   ) **CORPORATION'S ANSWER TO**
15                                            ) **PLAINTIFF TERESA WELTER'S**
                                              ) **COMPLAINT**
16                                            )
                                              ) Complaint Filed:   April 1, 2021
17                                            ) Trial Date:        Not Set

18      Defendant COSTCO WHOLESALE CORPORATION files this Answer to the Complaint

19 of Plaintiff, TERESA WELTER as follows:

20      1. Defendant is without knowledge or information sufficient to admit or deny the facts

21         contained in Paragraph 1.

22      2. Defendant is without knowledge or information sufficient to admit or deny the facts

23         contained in Paragraph 2.

24      3. Defendant is without knowledge or information sufficient to admit or deny the facts

25         contained in Paragraph 3.

26      4. Defendant is without knowledge or information sufficient to admit or deny the facts

27         contained in Paragraph 4.

28      5. Defendant admits the allegations in Paragraph 5.

1
DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF
TERESA WELTER'S COMPLAINT

6. Defendant is without knowledge or information sufficient to admit or deny the facts contained in Paragraph 6.

7. Defendant is without knowledge or information sufficient to admit or deny the facts contained in Paragraph 7.

8. Defendant admits the alleged incident occurred in Sonoma County, but denies that State Court is the proper court as alleged in Paragraph 8.

9. Defendant is without knowledge or information sufficient to admit or deny the facts contained in Paragraph 9.

10. Defendant admits the representation of attached causes of action contained in Paragraph

11. Defendant denies the allegations in Paragraph 11.

12. Defendant denies the allegations in Paragraph 12.

13. Defendant is without knowledge or information sufficient to admit or deny the facts contained in Paragraph 13.

14. Defendant is without knowledge or information sufficient to admit or deny the facts contained in Paragraph 14.

15. Defendant denies the allegations in Paragraph Prem. L-1.

16. Defendant denies the allegations in Paragraph Prem. L-2.

17. Defendant denies the allegations in Paragraph Prem. L-3.

18. Defendant denies the allegations in Paragraph Prem. L-4.

19. Defendant denies the allegations in Paragraph Prem. L-5.

20. Defendant denies the allegations in Paragraph GN-1.

## **DEFENSES**

AS AND FOR A FIRST AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that the Complaint does not state facts sufficient to substantiate a cause of action against this answering Defendant.

AS AND FOR A SECOND AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that Plaintiff assumed the risk with respect to the matters alleged in the Complaint, and that such assumption of risk proximately contributed to the injuries and damages, if any, complained of.

DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF
TERESA WELTER'S COMPLAINT

AS AND FOR A THIRD AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that Plaintiff was careless and negligent in and about the matters and things set forth and described therein; that said carelessness and negligence of Plaintiff proximately caused or contributed to the injuries and damages alleged by Plaintiff; that the injuries and damages sustained by Plaintiff, if any, were and are the proximate result of the said carelessness and negligence of Plaintiff; and that by reason thereof, the Plaintiff's damages must be diminished or extinguished in proportion to the degree of fault attributable to said Plaintiff.

AS AND FOR A FOURTH AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that third parties were themselves negligent, if negligence there were, in and about the matters set forth in the Complaint, and that such negligence of others, if any, is the sole cause or contributed as a proximate cause of the damages complained of, if any.

AS AND FOR A FIFTH AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that by the exercise of reasonable effort, Plaintiff could have mitigated the amount of damages she alleges to have suffered; but Plaintiff failed and refused and continues to fail and refuse to exercise reasonable effort to mitigate the damages.

AS AND FOR A SIXTH AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that at the time Plaintiff filed the Complaint, the applicable statute of limitations had run and expired for the timely filing of said Complaint.

AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE to the Complaint herein, it is alleged that the Plaintiff's Complaint is barred by Plaintiff's own willful and wanton misconduct.

AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE to Plaintiff's Complaint herein, Defendant avers that it has not yet completed a thorough investigation or completed discovery of all the facts and circumstances relative to the subject matter of said Complaint, and accordingly reserves the right to amend, modify, revise, or supplement its answer to plead such further defenses and takes such further action as it may deem appropriate and necessary in its defense upon completion of such investigation, discovery, and study.

AS AND FOR A NINTH AFFIRMATIVE DEFENSE to Plaintiff's Complaint herein, it is alleged that if the matters and damages alleged in the Complaint were proximately caused by the

1 conduct of more than one party, any recovery must be apportioned as to the fault of each party. (*Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804.)

AS AND FOR A TENTH AFFIRMATIVE DEFENSE to Plaintiff's Complaint herein, it is alleged that Defendant acted in good faith at the times mentioned in said Complaint.

AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE to Plaintiff's Complaint herein, it is alleged that at the time and place complained of, Plaintiff knowingly and voluntarily placed herself in a position of peril and the alleged injuries, if any, were proximately caused by the conduct of Plaintiff in so doing.

### REQUEST FOR JURY TRIAL

Defendant hereby demands a trial by jury in this matter.

WHEREFORE, Defendant prays as follows:

1. Judgment be entered in favor of Defendant and against Plaintiff;
2. Plaintiff takes nothing by this Complaint;
3. For a declaration of the court as to the relevant percentages of negligence or fault of the tortfeasors, including, but not limited to, the parties to this action;
3. Defendant be awarded costs of suit incurred herein; and
4. Defendant be awarded such other further relief as the court may deem just and proper.

DATED: May 24, 2021

PERRY, JOHNSON, ANDERSON,
MILLER & MOSKOWITZ, LLP

By: _/s/ Daphne A. Beletsis_
DAVID F. BEACH
DAPHNE A. BELETSIS
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

**PROOF OF SERVICE**
*Welter v. Costco Wholesale Corporation*
United States District Court, Northern District of California
Case No. 3:21-cv-03889

STATE OF CALIFORNIA, COUNTY OF SONOMA

I, the undersigned declare:

I am over the age of eighteen (18) years and not a party to the within action. I am an employee of Perry, Johnson, Anderson, Miller, & Moskowitz, LLP's and my address is 438 First Street, 4th Floor, Santa Rosa, California 95401, which is located in the County of Sonoma.

On the date below indicated, I served on the interested parties in this action the within documents described as:

- **DEFENDANT COSTCO WHOLESALE CORPORATION'S ANSWER TO PLAINTIFF TERESA WELTER'S COMPLAINT**

  X   **(BY ELECTRONIC SERVICE)  CCP § 1010.6(a)(6))**  *On May 24, 2021 based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused such documents described herein to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.*

Jesse B. Chrisp
Law Offices of J. Chrisp
15322 Lakeshore Drive, 3rd Floor
Clearlake, CA 95467
jesse@chrisplaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on May 24, 2021 at Santa Rosa, California.

   Vanessa Kinney